# *In the United States District Court for the Northern District of Illinois Eastern Division*

| | |
|---|---|
| Bert Rodriguez, John E. Born, Scott Belger, Edward Schneider, Oscar Lopez, Dominic Schartner, Marcus Pioro, Christopher Martin, Terry Kimes, Robert Ferraren, David Braun, Jasem Askar, Andrew Kamin, Mark Godawski, Jose Ochoa, Ray Suckash, and William Carpenter, individually and on behalf of all other persons similarly situated who are or were employed by SimplexGrinnell LP with respect to Public Works Projects referenced in this Complaint<br><br>plaintiffs,<br><br>– v –<br><br>SimplexGrinnell LP, a Delaware limited partnership, d/b/a Tyco SimplexGrinnell,<br><br>defendant. | **Jury trial demanded on all issues so triable** |

## Class Action Complaint for Failure to Pay Prevailing Wage

**Nature of action**

1. This Complaint alleges failure to pay prevailing wages and fringe benefits in violation of the Illinois Prevailing Wage Act, 820 ILCS 130, *et seq.*, for work performed on various Public Works Projects and is brought on behalf of plaintiffs, and a putative class of individuals who worked for defendant SimplexGrinnell LP., and/or any other entities affiliated with or controlled by SimplexGrinnell LP.

**Parties**

2. Defendant is SimplexGrinnell LP, a Delaware limited partnership, and a subsidiary of Tyco International, Ltd.

3. Plaintiffs are Bert Rodriguez, John E. Born, Scott Belger, Edward Schneider, Oscar Lopez, Dominic Schartner, Marcus Pioro, Christopher Martin, Terry Kimes,

Robert Ferraren, David Braun, Jasem Askar, Andrew Kamin, Mark Godawski, Jose Ochoa Ray Suckash, William Carpenter and all other persons who performed labor such as installation, assembly, disassembly, programming, service, and maintenance on alarm and security systems for defendant in the State of Illinois.

**Defendant fails to pay prevailing wage**

4. Beginning in or about 2011, and likely for many years before, defendant entered into certain contracts, either as a subcontractor or prime contractor, with certain government agencies (*e.g*., Cook County, DuPage County), or with prime contractors not currently known, to furnish labor, material and equipment to perform electrical work on these public works projects.

5. Defendant entered into hundreds or even thousands of contracts with public entities or publically funded entities to perform work on fire alarm and/or security system equipment contained in public buildings located in Illinois.

6. The public works contracts required, either expressly or by operation of law, that Defendant pay and ensure payment of the relevant prevailing rates of wages and fringe benefits to all workers furnishing labor on the sites of the public works projects, including their direct employees (like plaintiffs and the putative class), temporary employees, and all other persons furnishing labor on the sites of the public works projects.

7. The public works contracts were also mandated by 820 ILCS 130/4(b), to provide that any subcontracts that Defendant entered into contain language requiring the payment of prevailing rates of wages and fringe benefits to all workers furnishing labor on the sites of the public works projects.

8. Whether contained in the public works contracts, on a purchase order or on a separate document annexed or not but considered part of the public works contracts, Defendant stipulated and agreed that it would pay its employees prevailing wages and fringe benefits as specified in the Illinois Department of Labor prevailing wage schedules.

9. Defendant is responsible for paying plaintiffs and the putative class the relevant prevailing wages and fringe benefits under Illinois law regardless of whether the public body or entity Defendant contracted with provided it with notice to pay prevailing wages and supplements.

10. Under the Illinois Prevailing Wage Act, employees covered by the Act shall be paid "a wage of no less than the prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed..." 820 ILCS Sec.130/1.

11. Under the Illinois Prevailing Wage Act, employees required to be paid the prevailing wage and fringe benefits "shall be *** all laborers, workers and mechanics employed by or on behalf of any public body engaged in the construction or demolition of public works." 820 ILCS Sec.130/3. By statute, this includes any maintenance, repair, assembly or disassembly work performed on equipment whether owned, leased or rented.

12. Plaintiffs, who are all current employees of Defendant in Illinois, and the members of the putative class, who are current and former employees of Defendant in Illinois, in furtherance of the public works contracts entered into by Defendant, performed various types of electrical related work including, but not limited to, installing, programming, assembling, disassembling, maintaining, repairing and/or

replacing fire alarm and security system equipment and were not paid the relevant prevailing wages and fringe benefits.

13. Plaintiffs and the putative class of Defendant employees installed, programmed, assembled, disassembled, serviced, repaired, maintained, tested or inspected fire alarm and/or security system equipment and were paid less than the prevailing wages and fringe benefits required by the Illinois Prevailing Wage Act and the relevant prevailing wage schedules issued by the Illinois Department of Labor.

14. Plaintiffs and the putative class were not paid the prevailing wage rate and supplements for the county in which they were working under the Illinois Prevailing Wage Act.

**Damages**

15. As a result of its violation of the Illinois Prevailing Wage Act, other violations of law, and/or unjust enrichment, Defendant is liable to plaintiffs and the other members of the putative class in an amount yet to be determined but believed to exceed $1,000,000.00 plus interest. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

16. Defendant's refusal to pay plaintiffs and the putative class the relevant prevailing wages and fringe benefits was willful, permitting recovery of statutory penalties of two percent (2%) per month, pre-judgment interest and attorneys' fees under Illinois law. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

**Class allegations**

17. Plaintiffs seek the certification of a class of plaintiffs consisting of:

> "All laborers, workers and mechanics employed by Defendant on behalf of any non-federal public body who installed, programmed, assembled, disassembled, serviced, repaired, maintained, tested or inspected fire alarm and/or security system equipment from October 7, 2011 to the present and were not paid the relevant prevailing wages and fringe benefits in violation of the Illinois Prevailing Wage Act."

18. This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

19. This action is brought on behalf of plaintiffs and a class consisting of all persons in the proposed class definition in ¶16, above, who worked for Defendant on public works projects in the State of Illinois from October 7, 2011, to the entry of judgment in this case (the "class" and the "class period," respectively).

20. The class members are so numerous that joinder of all class members is impracticable. Although the precise number of class members is unknown, and facts on which the calculation of that number are presently within the sole control of the defendant, it is believed that there are in excess of 100 members of the class during the class period. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

21. The claims of plaintiffs are typical of the claims of the putative class.

22. Plaintiffs and their counsel will fairly and adequately protect the interests of the class. In fact, lead counsel Beranbaum Menken LLP, has successfully

represented Defendant's electrical and sprinkler workers in three class actions certified and settled in New York, New Jersey and California.

23. But for this proposed class action, individual current or former Defendant employees would not have the means, financial or otherwise, to address their wage claims against defendant.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. This is particularly true in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against large corporate defendants such as Defendant.

25. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a) whether Defendant entered into certain contracts with various government agencies, such as Cook County and DuPage County, to furnish the necessary labor, material and equipment to perform work upon the public work projects;

(b) whether Defendant paid plaintiffs and the putative class the prevailing rates of wages and fringe benefits to them and all workers furnishing labor on the sites of the public works projects;

(c) whether Defendant wrongly identified some of the work plaintiffs and the putative class did as work not requiring the payment of prevailing wages and fringe benefits; and,

(d) whether Defendant retained relevant payroll, time and work records as required by law.

**Jurisdiction and Venue**

26. Jurisdiction is proper under §1332 of the Judicial Code [28 U.S.C. §1332] in that each and every named plaintiff is a citizen of Illinois, defendant is a citizen of Delaware, Massachusetts and/or Florida, and the matter in controversy exceeds the sum or value of $75,000.

27. A substantial portion of the causes- of-action pled in this Complaint arose in the Northern District of Illinois. Venue is proper by §1391 of the Judicial Code [28 U.S.C. §1391].

# Count I – Violation of Illinois Prevailing Wage Act

28. Plaintiffs reallege paragraphs 1 through 27 of this Complaint.

29. By defendant's actions or omissions as alleged, defendant violated the Illinois Prevailing Wage Act.

30. As a result of these violations of the Illinois Prevailing Wage Act, defendant is liable to plaintiffs and the putative class for the damages alleged.

# Count II – ERISA

31. Plaintiffs reallege paragraphs 1 through 27 of this Complaint.

32. This Count is pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2) and 8(d)(3).

33. To the extent that plaintiffs' claims under the Illinois Prevailing Wage Act for unpaid prevailing fringe benefits is deemed to relate to an employee benefit plan, then Defendant has breached its fiduciary duty to ensure that plaintiffs and the putative class were paid the accurate and proper amount of fringe benefits for each

hour they worked on a public job site.

34. As a result of these breaches of fiduciary duty, defendant is liable to plaintiffs and the putative class for the damages alleged.

## Count III – Unjust Enrichment

35. Plaintiffs reallege paragraphs 1 through 27 of this Complaint.

36. Plaintiffs and members of the putative class have performed a significant amount of work for defendant for which defendant has not paid them.

37. When Defendant entered into the public works contracts, it agreed to pay the required prevailing wage. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

38. Defendant billed the public owner, such as Cook or DuPage County, for labor performed by plaintiffs and members of the putative class at the higher prevailing and fringe benefit rates, which Defendant did not pay. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

39. As a result of these failures to pay wages, defendant has been unjustly enriched and is liable to plaintiffs and the putative class for the damages alleged.

***Wherefore***, plaintiffs and the putative class pray for:

a. Certification of the proposed class, defined as described above, and issuance of notice pursuant to Rule 23, as soon as possible to all similarly situated former and current Defendant employees employed since October 7,

2016;

b. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist them and defendant to settle this case;

c. Damages due them as a result of defendant's violation of law and/or unjust enrichment;

d. Statutory damages of 2% per month of the amount of wages due plaintiffs and the putative class pursuant to Illinois law;

e. Pre-judgment interest pursuant to Illinois law;

f. Reasonable attorney's fees and the costs and expenses of this action; and

g. Such other relief as this Court deems just and appropriate.

# Jury Demand

Plaintiffs hereby demand a trial by jury on all claims so triable.

Bert Rodriguez, *et al.*,
plaintiffs,

By: /s/David L. Lee
David L. Lee
One of their Attorneys

David L. Lee, ARDC #1604422
d-lee@davidleelaw.com
Jennifer Claire Weiss, ARDC #6291035
jcweiss@davidleelaw.com
LAW OFFICES OF DAVID L. LEE
542 S. Dearborn St., Suite 660
Chicago, IL 60605
312-347-4400
Local counsel for plaintiffs

Bruce E. Menken (Pro Hac Vice to be applied for)
bmenken@nyemployeelaw.com
Jason J. Rozger (Pro Hac Vice to be applied for)
jrozger@nyemployeelaw.com
BERANBAUM MENKEN LLP
80 Pine St., 33rd Floor
New York, NY 10005
212-509-1616